UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

TREASURE-ANNE ROUSSELO,

                    Plaintiff,

v.

GENOA CHARTER TOWNSHIP,
*et al.*,

                 Defendants.

_____/

Case No. 25-13729

Matthew F. Leitman
United States District Judge

Curtis Ivy, Jr.
United States Magistrate Judge

**ORDER ON MOTION FOR PROTECTIVE ORDER AND
<u>MOTION FOR SANCTIONS (ECF Nos. 18, 33)</u>**

Pending before the Court are Plaintiff Treasure-Anne Rousselo's *Motion for Protective Order Under Fed. R. Civ. P. 26(c)* (ECF No. 18) and Defendants Seward Henderson PLLC, T. Joseph Seward, and David D. Burress' ("Law Firm Defendants") *Motion for Sanctions* (ECF No. 33).  This case was referred to the undersigned for all pretrial proceedings.  (ECF No. 19).

**I.     ANALYSIS**

     **A.     Plaintiff's Motion for Protective Order**

Plaintiff requests that the Court issue a protective order prior to the Parties conducting a Rule 26(f) conference "to request limited judicial supervision of discovery based on a documented record demonstrating a foreseeable risk of harassment, coercion, and misuse of discovery tools."  (ECF No. 18, PageID.75).

Plaintiff claims Defendants have engaged in improper pre- and post-service communications, "threat of expansive financial exposure," experiences of "inflammatory and extraneous allegations" that occurred in proceedings, an alleged "absence of any internal municipal oversight," and notes the fact that Defendant Attorney Seward serves a dual role as both a party defendant and counsel. (*Id.*). Plaintiff seeks that: (1) Defendants must obtain leave of Court to serve any and all discovery requests; (2) the Court make a finding related to the relevancy and proportionality of all discovery requests before Defendants may serve the requests on Plaintiff; (3) direct contact with Plaintiff be restricted; and (4) Defendants be prohibited from any extrajudicial investigation of Plaintiff. (*Id.* at PageID.78–79). In a supplemental filing, filed without leave of Court, Plaintiff states that she received a package addressed from Defendant Burress that remains unopened, and requests that the Court issue limitations on service of pleadings and papers and direct communications from named defendants.[1]  (ECF No. 26).

Defendants respond that Plaintiff is not "responding to any concrete discovery dispute," but rather "asks the Court to impose sweeping, preemptive restrictions based on speculation about how discovery might be used, which "Fed.

---

[1]  On December 29, 2025, Plaintiff filed her *Supplemental Motion in Support of Pending Motion for Protective Order* (ECF No. 26), as a supplement to her motion without leave of Court to file a supplemental pleading pursuant to Federal Rule of Civil Procedure 15(d) or Local Rule 7.1(d)(1).  While the Court opts to not strike her supplemental pleading this time, Plaintiff is cautioned that she must seek leave to serve a supplemental pleading going forward.

R. Civ. P. 26(c) does not authorize such advisory or preventative relief." (ECF Nos. 28, PageID.323; 29, PageID.343–44). Further, Defendants argue that "Plaintiff cites no authority authorizing a discovery 'pre-clearance' regime, and such an order would unfairly prejudice Defendants' ability to defend this case." (ECF Nos. 28, PageID.328). Defendants raise a concern that adoption of Plaintiff's requested parameters would allow her claims to proceed forward unchecked while "depriving the Defendants of the ordinary tools necessary to mount a defense." (*Id.*). Regarding Plaintiff's allegations of improper direct communication, Defendants note that *pro se* Plaintiff does not receive Notices of Electronic Filings in this case, thus, "service by mail is expressly authorized by Federal Rule of Civil Procedure 5(b)(2)(C)" and their mailing solely consisted of filed court papers. (ECF No. 29, PageID.344–45).

Discovery provides a mechanism for making relevant information available to the litigants. Fed. R. Civ. P. 26 Advisory Committee note to 1983 amendment. "Mutual knowledge of all the relevant facts gathered by both parties is essential to proper litigation. To that end, either party may compel the other to disgorge whatever facts he has in his possession." *Hickman v. Taylor*, 329 U.S. 495, 507 (1947). Liberal discovery rules allow litigants to see the full breadth of the evidence that exists in a case. This helps litigants avoid surprises, leads to the speedier settlement of cases, and helps prevent miscarriages of justice in cases in

3

which evidence would otherwise be available to only one party. *Brown Badgett, Inc. v. Jennings*, 842 F.2d 899, 902 (6th Cir. 1988). Rules favoring broad discovery help "make a trial less a game of blind man's bluff and more a fair contest with the basic issues and facts disclosed to the fullest practicable extent." *United States v. Procter & Gamble Co.*, 356 U.S. 677, 682 (1958).

The Federal Rules of Civil Procedure strongly favor full discovery whenever that is possible. *Republic of Ecuador v. Hinchee*, 741 F.3d 1185, 1189 (11th Cir. 2013); *Farnsworth v. Procter & Gamble Co.*, 758 F.2d 1545, 1547 (11th Cir. 1985). Federal Rule of Civil Procedure 26(c), however, allows a court to issue an order to protect a party or person from undue burden. *In re Ohio Execution Protocol Litigation*, 845 F.3d 231, 235 (6th Cir. 2016). To satisfy the requirements of Rule 26(c), "the moving party must show 'good cause' for protection from one (or more) harms identified in Rule 26(c)(1) 'with a particular and specific demonstration of fact, as distinguished from stereotyped and conclusory statements.'" *In re Ohio Execution Protocol Litig.*, 845 F.3d 231, 236 (6th Cir. 2016) (quoting *Serrano v. Cintas Corp.*, 699 F.3d 884, 901 (6th Cir. 2012)); *Beckman Indus., Inc., v. International Ins. Co.*, 966 F.2d 470, 476 (9th Cir. 1992) ("Broad allegations of harm, unsubstantiated by specific examples or articulated reasoning, do not satisfy the Rule 26(c) test.").

4

"To show good cause, a movant for a protective order must articulate specific facts showing 'clearly defined and serious injury' resulting from the discovery sought and cannot rely on mere conclusory statements." *Nix v. Sword*, 11 F. App'x 498, 500 (6th Cir. 2001) (quoting *Avirgan v. Hull*, 118 F.R.D. 252, 254 (D.D.C. 1987)) (citations omitted)); *see also Phillips ex rel. Estates of Byrd v. Gen. Motors Corp.*, 307 F.3d 1206, 1210-11 (9th Cir. 2002); *United States v. Garrett*, 571 F.2d 1323, 1326 n.3 (5th Cir. 1978). Furthermore, "[t]o justify restricting discovery, the harassment or oppression should be unreasonable, but 'discovery has limits and these limits grow more formidable as the showing of need decreases." *Serrano* at 901 (quoting 8A Charles Alan Wright & Arthur R. Miller *et al.*, Federal Practice and Procedure § 2036 (3d ed. 2012)). When the Federal Rules assign a burden to a party, conclusory statements will not suffice to carry that burden. *See Garrett*, 571 F.2d at 1326 n.3 ("The burden is upon the movant to show the necessity of" a protective order, which "contemplates a particular and specific demonstration of fact as distinguished from . . . conclusory statements.").

Under the "good cause" standard, the court must balance the competing interests of the parties. *Faktor v. Lifestyle Lift*, 2009 WL 1440795, at *1 (N.D. Ohio May 20, 2009) (citing *York v. Am. Med. Sys., Inc.*, 1998 WL 863790, at *4 (6th Cir. Nov. 23, 1998); *Farnsworth*, 758 F.2d at 1547. Courts have broad

discretion at the discovery stage to determine whether a protective order is appropriate and what degree of protection is required.  *Seattle Times v. Rhinehart*, 467 U.S. 20, 36 (1984).

Plaintiff has not met her burden for the extreme relief sought.  Rather, Plaintiff lodges several accusations against Defendants related to their history during the underlying local zoning dispute and communications made by Parties related to the initiation of this action and believes it is foreseeable that issues may arise during discovery in this litigation.  To start, discovery has not begun in this case and Plaintiff does not allege that any discovery has been sought by any Defendant or that any Defendant has engaged in any discovery misconduct in this case.  Thus, the motion is premature.  *See* Fed. R. Civ. P. 26(c) ("A party or any person *from whom discovery is sought* may move for a protective order in the court where the action is pending . . .") (emphasis added).  Plaintiff offers no more than conclusory statements and unsubstantiated speculation of adverse actions that *may* be taken by Defendants, these types of conclusory statements and speculation fails to constitute good cause for a protective order.  *See Underwood*, at \*3 ("The speculative and conclusory nature of Defendant's alleged potential injury counsels this court against granting the protective order as it relates to Plaintiff's subpoena to the [third party].").  Plaintiff has not articulated "specific facts showing 'clearly

defined and serious injury' resulting from the discovery sought," but rather relies on "mere conclusory statements." *Nix*, 11 F. App'x at 500 (citations omitted).

The Federal Rules of Civil Procedure, the Local Rules of this Court, the undersigned's Practice Guidelines,[2] and counsels' ethical obligations govern appropriate communication between parties,[3] civility between the parties, and service of papers here, and the Parties are already required to conduct themselves accordingly. Similarly, discovery is governed by the Federal Rules of Civil Procedure, principally Rules 26 through 37. Those rules "*govern the procedure in all civil actions and proceedings in the United States district courts*." Fed. R. Civ. P. 1 (emphasis added). Although parties are given considerable latitude in conducting discovery, the discovery methods ordained by Rules 26 through 36 consist of *formal* discovery, which, fundamentally is court-supervised discovery.

---

[2] Judge Ivy's Practice Guidelines and the Local Rules are available at: https://www.mied.uscourts.gov/

[3] Plaintiff, who filed this action *pro se*, objects to "off-docket contact" through her personal email and home address from Defendants' counsel. Yet Plaintiff fails to understand that she does not receive electronic notices, thus, court filings made by Defendants must be served by mail under the Rules. Similarly, the parties are required to meet and confer on issues that will arise throughout the litigation, including before a motion being filed. (*See* ECF No. 31; *see also* E.D. Mich L.R. 7.1, 37.1; Judge Ivy's Practice Guidelines). Motions filed on the docket without a prior meet and confer will be stricken according to the local rules of the Court. Plaintiff's *pro se* status relieves neither party of this obligation. *See* E.D. Mich L.R. 7.1(a). Plaintiff is cautioned that refusing to confer as the Court directs may be subject to her to costs and/or sanctions, thus, she must provide Defendants' counsel a method of contact consistent with the undersigned's Practice Guidelines for meet and confer purposes. That said, to the extent that Plaintiff has concerns of harassment by Defendants' counsel, the Parties are cautioned that communications are subject to the Court's civility requirements and must be made in accordance with the Federal Rules of Civil Procedure.

*Knight Cap. Partners Corp. v. Henkel Ag & Co., KGaA*, 290 F. Supp. 3d 681, 688 (E.D. Mich. 2017).  The Court will supervise discovery under the rules governing federal courts that are already in place.

Because Plaintiff has articulated no specific facts showing clearly defined and serious injury resulting from discovery sought, the Court concludes that Plaintiff has failed to show good cause to issue a protective order that implements the extreme relief of judicial supervision of the discovery process beyond the extent already in place.

### B.    Law Firm Defendants' Motion for Sanctions

Law Firm Defendants move for sanctions against Plaintiff under Federal Rule of Civil Procedure 11.  (ECF No. 33).  They argue that Plaintiff has misused the Court's docket through stand-alone filings termed as notices.  (ECF No. 33, PageID.532).  Law Firm Defendants assert that "[r]ather than seeking relief through authorized motion practice, Plaintiff has used the filings to place accusations and legal conclusions regarding defense counsel's conduct, representation, and alleged impropriety before the Court without invoking any procedural mechanism for adjudication."  (*Id.*).  And they note that "Plaintiff expressly disclaimed any present request for judicial relief while reserving the right to later seek sanctions, disqualification, or other relief," in order to place

8

"accusations of misconduct on the docket while sidestepping the procedural safeguards and evidentiary standards governing motions." (*Id.*).

Specifically, Law Firm Defendants state that in Plaintiff's *Notice of Improper and Potentially Intimidating Communications by Named Defendants and Counsel* (ECF No. 11), she accuses Law Firm Defendants of "retaliatory conduct," "abuse of authority," and actions "reasonably calculated to chill" her constitutional rights, "while characterizing routine litigation communications as intimidation," but does not or request any judicial relief. (ECF No. 33, PageID.537–38 (citing ECF No. 11)). Similarly in Plaintiff's *Notice of Relevant Representation and Conflict Information* (ECF No. 16), she alleges "potential attorney-witness conflicts," questions defense counsel's ethical propriety, and implies disqualification concerns, but does not seek disqualification, invoke any rules or cite any law on the issue, or request any judicial relief. (*Id.* at PageID.538 (citing (ECF No. 16)). Law Firm Defendants request that the Court strike Plaintiffs filings for violating Fed. R. Civ. P. 11(b); issue a warning to Plaintiff regarding future similar filings; and award Law Firm Defendants reasonable attorneys' fees and costs. Law Firm Defendants indicate that the motion was served pursuant to the twenty-one-day safe harbor provision of Federal Rule of Civil Procedure 11(c)(2). (*Id.* at PageID.526).

Pursuant to Rule 11(b), an attorney or unrepresented party's signing, filing, submitting, or later advocating a pleading, written motion, or other paper certifies that to the best of the person's knowledge, information, and belief, formed after a reasonable inquiry:

> (1) [the document] is not being presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation;
>
> (2) the claims, defenses, and other legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law;
>
> (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and
>
> (4) the denials of factual contentions are warranted on the evidence or, if specifically so identified, are reasonably based on belief or a lack of information.

Rule 11 requires an attorney or unrepresented party who has signed a pleading to fulfill three obligations. *Jackson v. Law Firm of O'Hara, Ruberg, Osborne and Taylor*, 875 F.2d 1224, 1229 (6th Cir. 1989).  First, the attorney or unrepresented party must conduct a reasonable inquiry to determine that the document is well grounded in fact.  Second, the attorney or unrepresented party must conduct a reasonable inquiry to determine that the positions taken are warranted by existing

10

law or as good faith arguments for extension or modification of existing law.

Third, the document must not be filed for any improper purpose. *Id.*

Sanctions for a Rule 11 violation are discretionary. *Rentz v. Dynasty Apparel Indus., Inc.*, 556 F.3d 389, 395 (6th Cir. 2009). The main purpose of a Rule 11 sanction is deterrence rather than compensation. *Ridder v. City of Springfield*, 109 F.3d 288, 294 (6th Cir. 1997). Any Rule 11 sanction "must be limited to what suffices to deter repetition of the conduct or comparable conduct by others similarly situated." Fed. R. Civ. P. 11(c)(4).

Plaintiff responds that her notices were filed in good faith, were objectively reasonable, and serve a legitimate purpose because she wanted to create a record of Defendants' alleged actions. (ECF No. 36). She also argues that Law Firm Defendants failed to "contend that the communications documented in those notices were fabricated or inaccurately represented." (*Id.* at PageID.554). Regardless of Plaintiff's intent, her filings are plainly improper. The Federal Rules of Civil Procedure only authorize a party to file certain documents in a civil action. Fed. R. Civ. P. 7. At this stage in a proceeding, the Federal Rules of Civil Procedure typically only contemplate: a pleading authorized under Rule 7(a); or a motion or other paper requesting specific relief as authorized under Rule 7(b). *See* Fed. R. Civ. P. 7. Under Rule 7(a), "*[o]nly these pleadings are allowed*: (1) a complaint; (2) an answer to a complaint; (3) an answer to a counterclaim

11

designated as a counterclaim; (4) an answer to a crossclaim; (5) a third-party complaint; (6) an answer to a third-party complaint; and (7) if the court orders one, a reply to an answer." Fed. R. Civ. P. 7(a) (emphasis added). Plaintiff's filings cannot be described as any of these.

Additionally, a party may file motions or other papers requesting a court grant some type of relief. Fed. R. Civ. P. 7(b). These papers "*must*: (A) be in writing unless made during a hearing or trial; (B) state with particularity the grounds for seeking the order; and (C) state the relief sought." Fed. R. Civ. P. 7(b) (emphasis added). Plaintiff's filings do not meet these requirements either. Plaintiff cited no legal authority that supports the relief requested; *i.e.*, documenting allegations of Defendants past and current conduct and communications on the record via "notices." Further, Plaintiff expressly disclaimed any request for a court order or any other relief. Therefore, Plaintiff's filings are improper and will be struck from the record.

To the extent that Defendants request monetary sanctions, their request is denied. A sanction imposed under Rule 11 "must be limited to what suffices to deter repetition of the conduct," which "may include nonmonetary directives; an order to pay a penalty into court; or, if imposed on motion and warranted for effective deterrence, an order directing payment to the movant of part or all of the reasonable attorney's fees and other expenses directly resulting from the

violation." Fed. R. Civ. P. 11(c)(4).  Considering Plaintiff's *pro se* status and her good-faith belief, albeit mistaken, that she was properly documenting her complaints against Defendants to prevent future conduct while attempting to avoid court intervention, the Court finds that striking the improper filings and issuing a warning is sufficiently limited to deter repetition of such conduct.  That said, Plaintiff is hereby cautioned that further inflammatory filings on the docket that do not conform to the Federal Rules of Civil Procedure will result in escalating sanctions.

## II.    CONCLUSION

Accordingly, it is **ORDERED** that Plaintiff's *Motion for Protective Order Under Fed. R. Civ. P. 26(c)* (ECF No. 18) is hereby **DENIED**, and Defendants' *Motion for Sanctions* (ECF No. 33) is **GRANTED IN PART** to the extent that they seek certain filings stricken from the record and **DENIED IN PART** to the extent that Defendants seek monetary sanctions.

It is further **ORDERED** that Plaintiff's *Notice of Improper and Potentially Intimidating Communications by Named Defendants and Counsel* (ECF No. 11) and *Notice of Relevant Representation and Conflict Information* (ECF No. 16) are hereby **STRICKEN** from the record.

**IT IS SO ORDERED**.

The parties here may object to and seek review of this Order, but are required to file any objections within 14 days of service as provided for in Federal Rule of Civil Procedure 72(a) and Local Rule 72.1(d).  A party may not assign as error any defect in this Order to which timely objection was not made.  Fed. R. Civ. P. 72(a).  Any objections are required to specify the part of the Order to which the party objects and state the basis of the objection.  When an objection is filed to a magistrate judge's ruling on a non-dispositive motion, the ruling remains in effect unless it is stayed by the magistrate judge or a district judge.  E.D. Mich. Local Rule 72.2.

Date: June 24, 2026

s/Curtis Ivy, Jr.
Curtis Ivy, Jr.
United States Magistrate Judge

**CERTIFICATE OF SERVICE**

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on June 24, 2026, by electronic means and/or ordinary mail.

s/Sara Krause
Case Manager
(810) 341-7850

14